UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PATRICE WASHINGTON, PPA<br>PARIS HESTER, PARENT AND<br>GUARDIAN,<br>    Plaintiff,<br><br>v<br><br>CITY OF SPRINGFIELD, PETER<br>NEGRONI, AND ROBERT MILLER,<br>    Defendants. | Civil Action No. 03-30300-KPN |

ANSWER OF DEFENDANTS
CITY OF SPRINGFIED AND PETER NEGRONI

Now come the Defendants **CITY OF SPRINGFIED AND PETER NEGRONI** and answer each and every allegation contained in the Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1. The Defendants have insufficient information to either admit or deny the allegations of fact contained in paragraph 1 of the Complaint, as well as the basis of any of the legal claims.

### PARTIES

2. The Defendants have insufficient knowledge to either admit or deny the allegations of fact contained in paragraph 2 of the Complaint.

3. The Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. The Defendants admit the allegations contained in paragraph 4 of the Complaint.

5. The Defendants admit the allegations contained in paragraph 5 of the Complaint.

### COUNT I

6. The Defendants have insufficient knowledge to either admit or deny the allegations

contained in paragraph 6 of the Complaint.

7. The Defendants have insufficient knowledge to either admit or deny the allegations contained in paragraph 7 of the Complaint.

## COUNT II

8. The Defendants repeat and reallege the responses to paragraphs 1 through 7 as set forth above.

9. The Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. The Defendants deny the allegations contained in paragraph 10 of the Complaint.

## COUNT III

11. The Defendants repeat and reallege the responses to paragraphs 1 through 7 as set forth above.

12. The Defendants admit the allegations contained in paragraph 12 of the Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Complaint.

14. The Defendants deny the allegations contained in paragraph 14 of the Complaint.

**WHEREFORE, Defendants respectfully:**

Deny that Plaintiff is entitled to any award of damages, and request that the relief sought be denied and the Complaint be dismissed.

## AFFIRMATIVE DEFENSES

**FIRST DEFENSE**

The Court lacks jurisdiction over the subject matter of the Complaint.

**SECOND DEFENSE**

The Plaintiff failed to comply with statutory requirements contained in G.L. c. 258.

**THIRD DEFENSE**

The Complaint fails to state a claim upon which relief requested can be granted.

**FOURTH DEFENSE**

The Defendants reserve the right to recover costs and attorneys fees in the event that the above action is found frivolous or in bad faith.

**FIFTH DEFENSE**

The alleged actions of the Defendants were neither the proximate nor the actual cause of any damages suffered by the Plaintiff.

**SIXTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the Defendants as no custom or official policy of the municipality caused a violation of the Plaintiff's civil rights.

**SEVENTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the Defendants, as the conduct did not amount to a reckless disregard or deliberate indifference to the civil rights of inhabitants within the City.

**EIGHTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against the Defendants, as liability cannot be imposed on the grounds of *respondeat superior*.

**NINTH DEFENSE**

The Plaintiff cannot recover against the municipality, as the alleged actions of the public employees are exempt from the provisions of the Tort Claims Act under chapter 258 §10.

**TENTH DEFENSE**

The Defendants answer that at all times they acted reasonably, within the scope of official discretion

and with a good faith belief that the actions were lawful and not in violation of any clearly established statutory or constitutional right of which a reasonable person would have known with regard to all matters in the Complaint which bear on state or federal law question.

**ELEVENTH DEFENSE**

The Plaintiff is barred from recovery because this action has not been brought within the time specified by law.

**TWELVTH DEFENSE**

The Plaintiff is collaterally estopped from recovery.

**THIRTEENTH DEFENSE**

The Plaintiff is barred from recovery by *res judicata*.

**FOURTEENTH DEFENSE**

Based on information and belief, the Defendants' actions were objectively reasonable in light of the facts and circumstances and existing law without regard to underlying intent or motivation.

**FIFTEENTH DEFENSE**

The actions alleged in the Complaint, if found to be violative of any laws, were not taken pursuant to any policy or custom promulgated by the final policy making authority of the City of Springfield.

**SIXTEENTH DEFENSE**

The plaintiff has failed to exhaust administrative remedies.

**SEVENTEENTH DEFENSE**

The injury to plaintiff, if any, was caused by an act or omission of a third party other than an employee or agent of the City of Springfield.

**EIGHTEENTH DEFENSE**

The defendants were justified in their conduct and acts, and therefore not liable to the plaintiff as

alleged in the complaint.

**NINETEENTH DEFENSE**

The claims are barred due to qualified, absolute, and or legislative or other immunity or privilege.

**TWENTIETH DEFENSE**

The defendants actions were based on probable cause.

**TWENTY-FIRST DEFENSE**

Any claim is based upon an act or omission for which liability does not attach under the provisions of G.L. c. 258, section 10 (a) through (j).

**TWENTY-SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted under 42 U.S.C. §1983 against the Defendant as the conduct alleged in the Complaint does not involve any particular right arising under the United States Constitution but merely seeks vindication for alleged violations of state law.

**TWENTY-THIRD DEFENSE**

The Complaint should be dismissed due to insufficiency of process and/or insufficiency of service of process.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

THE DEFENDANTS
CITY OF SPRINGFIELD
AND PETER NEGRONI,

By, _____
Edward M. Pikula, Esq.
Associate City Solicitor
BBO# 399770
Law Department
36 Court Street
Springfield, MA 01103
(413) 787-6085
Fax: (413) 787-6173

**CERTIFICATE OF SERVICE**

Joseph Minardi, Esq
1145 Main Street
Springfield, MA 01103

I, Edward M. Pikula, hereby certify that I caused a copy of the foregoing document to be delivered to the above named, this 10th day of February, 2004.

_____
Edward M. Pikula, Esq.